RENDERED: MARCH 31, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0765-MR

SHERI FLOYD        APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 20-CI-000233

THE PARKVIEW COUNCIL OF CO-
OWNERS, INC.; ALEX G. HEDGES;
AND HEDGES LANDSCAPING, LLC        APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND JONES,
JUDGES.

THOMPSON, CHIEF JUDGE: Sheri Floyd ("Appellant") appeals from an

opinion and order of the Jefferson Circuit Court granting summary judgment in

favor of The Parkview Council of Co-Owners, Inc. (hereinafter "Parkview"), Alex

G. Hedges, and Hedges Landscaping, LLC ("Appellees"). Appellant argues that

she never assented to Parkview's rules and regulations characterizing her as an

owner of a condominium. She also contends that Parkview's governing documents are open to multiple interpretations, and that Parkview's definition of an "owner" in its rules and regulations is overly broad and unclear. She seeks an opinion reversing the order on appeal and remanding the matter for a jury trial. After careful review, we reverse the order granting summary judgment, and remand the matter for further proceedings.

## FACTS AND PROCEDURAL ISSUES

On January 20, 2019, Appellant slipped and fell on snow and ice in the parking lot of Parkview Condominiums located in Louisville, Kentucky. Appellant was on the premises to visit her boyfriend, Mike McGlynn, who owned a condominium unit. On January 10, 2020, Appellant filed the instant action against Parkview, as owner of the condominiums' common areas, alleging negligence or gross negligence in failing to maintain a reasonably safe condition in the common areas. She also alleged that Alex G. Hedges and Hedges Landscaping, LLC were negligent in their removal of snow and ice in the parking lot.

The matter proceeded in Jefferson Circuit Court, and the following year Appellees filed a motion for summary judgment. In support of the motion, Appellees relied on "The Parkview Condominiums Rules and Regulations" Section (A)(7). It provides that, "[o]wners travel at their own risk on driving areas, walks,

and common areas in inclement weather and the association assumes no liability for accidents or injuries." Appellees noted that the definition of condominium "owner" set out in Section (A)(2) includes not only the unit's legal owner but also the unit owner's family, servants, employees, agents, visitors, and any guests, invitees, or licensees of such unit owner, family, or the tenant. Appellees argued that Appellant, as visitor or guest of unit owner Mike McGlynn, was an "owner" as defined by Section (A)(2) and therefore traveled at her own risk in the parking lot. Accordingly, Parkview argued that it owed no duty to Appellant.

The Jefferson Circuit Court was persuaded that per The Parkview Condominiums Rules and Regulations Sections (A)(2) and (A)(7), Appellant was a condominium "owner" to whom Parkview owed no duty to maintain a reasonably safe condition in the common areas. On June 1, 2022, the circuit court entered an opinion and order sustaining Appellees' motion for summary judgment, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be

viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court erred in sustaining Appellees' motion for summary judgment. She maintains that she never assented to the terms of Parkview's Rules and Regulations, either expressly or impliedly. Appellant argues that a condominium association does not have the authority to establish the scope of its duties of care to guests and visitors. The focus of her argument is that she did not agree to be bound by rules and regulations which were never given to her, which she never read, and to which she never assented. Appellant also contends that the term "owner" has a different definition in

Parkview's Master Deed; that she cannot be a condominium "owner" without an ownership interest; and, because it applies to various people – known and unknown – Parkview's definition of owner is overly broad and unclear. She seeks an opinion and order reversing the order of summary judgment and remanding the matter to the Jefferson Circuit Court.

> The determination of the existence of a duty is still a legal question for the court to determine. But the court need only consider 1) if the property owner invited or ratified the presence of the guest on the premises, and 2) if the guest was injured or harmed in the course of or as a result of an activity taking place on the premises. If both requirements are met, the property owner owes a duty of reasonable care to the guest as a matter of law.

*Bramlett v. Ryan*, 635 S.W.3d 831, 839 (Ky. 2021), *reh'g denied* (Dec. 16, 2021).

> We have recognized, of course, that the universal duty of care is not boundless. The examination must be focused so as to determine whether a duty is owed, and consideration must be given to public policy, statutory and common law theories in order to determine whether a duty existed in a particular situation. Consideration must also be given to whether the harm to the plaintiff resulting f[ro]m the defendant's negligence was foreseeable. In deciding whether harm was foreseeable, Kentucky courts look to the general foreseeability of harm, not to whether the particular, precise form of injury could be foreseen. It is enough that injury of some kind to some person within the natural range of effect of the alleged negligent act could have been foreseen.

*T & M Jewelry, Inc. v. Hicks ex rel. Hicks*, 189 S.W.3d 526, 531 (Ky. 2006) (internal quotation marks, footnotes, and citations omitted). And finally,

an open-and-obvious condition does not eliminate a landowner's duty. Rather, in the event that the defendant is shielded from liability, it is because the defendant fulfilled its duty of care and nothing further is required. The obviousness of the condition is a circumstance to be factored under the standard of care. No liability is imposed when the defendant is deemed to have acted reasonably under the given circumstances. So a more precise statement of the law would be that a landowner's duty to exercise reasonable care or warn of or eliminate unreasonable dangers is not breached. When courts say the defendant owed no duty, they usually mean only that the defendant owed no duty *that was breached* or that he owed no duty *that was relevant on the facts*. And without breach, there can be no negligence as a matter of law.

*Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 911-12 (Ky. 2013), *as corrected* (Nov. 25, 2013) (internal quotation marks, footnotes, and citations omitted) (emphasis in original).

"The rules of contract interpretation apply to the interpretation of a condominium declaration." *Cusimano v. Port Esplanade Condominium Ass'n, Inc.*, 55 So. 3d 931, 936 (La. App. 2011) (citation omitted).[1] "To create a valid, enforceable contract, there must be a voluntary, complete assent by the parties having capacity to contract." *Conners v. Eble*, 269 S.W.2d 716, 717-18 (Ky. 1954) (citation omitted). "To constitute such a contract there must, of course, be a mutual assent by the parties – a meeting of minds – and also an intentional

---

[1] Where no controlling Kentucky case law is found, we may cite foreign case law as persuasive. *See Pretot v. Pretot*, 905 S.W.2d 868, 870 (Ky. App. 1995).

manifestation of such assent.  Such manifestation may consist wholly or partly of acts, other than written or spoken words." *Kincaid v. Johnson, True & Guarnieri, LLP*, 538 S.W.3d 901, 911 (Ky. App. 2017) (internal quotation marks and citation omitted).

There is no evidence in the record that Appellant expressly manifested "voluntary, complete assent" to Parkview's Rules and Regulations per *Conners*, nor that any assent was manifested indirectly through her actions as addressed in *Kincaid*.  No evidence was adduced that Parkview published its Rules and Regulations via signage or by other methods reasonably likely to place guests and visitors on notice that their presence on the property constituted a waiver of rights; that Appellant read the Rules and Regulations or had any knowledge that they existed; that Appellant's ongoing visits to Mr. McGlynn's condominium constituted assent to the Rules and Regulations; nor, that Appellant otherwise entered into a valid, enforceable contract with Parkview relating to the Rules and Regulations.

Parkview's Rules and Regulations purport to characterize guests and visitors as "owners" for the purpose of waiving duties of care otherwise owed to such persons.  Irrespective of Parkview's characterization of guests and visitors, we find no basis in the case law or statutory law for the proposition that a landowner may unilaterally and without notice avoid its duties of care to the

general public. While condominium unit owners may assent to Parkview's Rules and Regulations when purchasing a condominium unit, such assent cannot be imposed upon guests and visitors by characterizing them as owners. An exception may be found if the visitor or guest is placed on notice that his or her presence on the property constitutes a waiver of rights. In the matter *sub judice*, however, nothing in the record indicates that Appellant was informed of the Rules and Regulations, nor that she assented to them.

## **CONCLUSION**

Based on the persuasive authority of *Cusimano*, *supra*, we conclude that a condominium association's declarations, including its rules and regulations, are subject to the rules of contract interpretation. Per *Conners* and *Kincaid*, the terms of a contract are effective only as to persons who assent to them. No evidence was adduced that Appellant assented to Parkview's Rules and Regulations, nor that she was even aware of them. As a landowner may not unilaterally establish its duties to the general public, we conclude that Parkview's Rules and Regulations do not entitle it to a judgment as a matter of law. Accordingly, we reverse the Jefferson Circuit Court's order of summary judgment, and remand the matter for further proceedings.[2]

---

[2] Nothing in this Opinion should be interpreted as holding that Appellees owed or breached a duty to Appellant.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Kyle D. Kaiman
Louisville, Kentucky

BRIEF FOR APPELLEE THE
PARKVIEW COUNCIL OF CO-
OWNERS, INC.:

Jennifer A. Peterson
Connie L. Eyle
Louisville, Kentucky